SAHLMAN v. MUTUAL &c. ASS'N.

1. PLEADINGS—AMENDMENTS OF.—COMPLAINT as amended substantially complies with the order requiring plaintiffs to make it more definite and certain.

2. IBID.—BLENDING OF CAUSES OF ACTION.—Third paragraph of this complaint does not blend two causes of action.

Before TOWNSEND, J., Spartanburg, June, 1897. Affirmed.

Action by John H. Sahlman and Harry Eugene Sahlman, by their guardian *ad litem*, *v.* Mutual Reserve Fund Life Association on complaint, of which the third and fourth paragraphs are as follows:

3. That on or about the          day of March, 1896, at Spartanburg, in said county and State, the defendant corporation, by its authorized agent, in consideration of the payment to it of $20 by John C. Sahlman, and of his agreeing to pay other instalments of the annual premium charged as same should fall due, agreed to insure, and did thereupon insure, the life of the said John C. Sahlman, for the period of twelve months from said date, in the sum of $2,500, for the benefit of the wife and children of the said John C. Sahlman, share and share alike, namely: the plaintiffs, Mary E. Sahlman, John H. Sahlman, and Harry Eugene Sahlman.

4. That in further compliance with said contract of insurance made as hereinbefore stated, the said defendant corporation thereafter, to wit: on the          day of          , 1896, caused to be issued in favor of the said plaintiffs a policy of insurance called a "five-year combination policy," and thereby bound itself to pay to the plaintiffs in this action, share and share alike, in the event of the death of the said John Sahlman during the said term of insurance, the said sum of $2,500.

Upon motion of defendant, to require plaintiffs to make the above paragraphs of their complaint more definite and certain, Judge Townsend passed an order, of which the following bears on the questions at bar:

"That the plaintiffs in this action be required to insert in paragraph third of said complaint the specific day in the month of March, 1896, on which it was alleged that the agreement therein referred to was made, and to further allege whether said agreement was verbal or written. If verbal and not written, to set forth the full terms of such

verbal agreement, and with whom made, claimed to be the agent of the defendant (as full as possible); and if in writing, to set forth the writing at length, showing its date and contents, and by whom signed; and if it be alleged that said agreement was written, and has been lost, mislaid or destroyed, that then the plaintiffs shall set forth the date of such alleged agreement, the name of the alleged agent, to the best knowledge and belief of the plaintiffs, and the full contents of such agreement (as full as possible).

It is further ordered, that the said plaintiffs do insert in the fourth paragraph of said complaint, either in the body thereof or as an exhibit to the complaint, the alleged policy of insurance sued upon in full.".

The plaintiffs attempted to comply with this order, and served an amended complaint, but defendant insisted that order had not been complied with, and upon its motion Judge Townsend issued a rule requiring them to show cause why the amended complaint should not be made more definite and certain by complying with terms of said order, and why they should not elect whether they propose to rely upon the verbal agreement alleged in said paragraph or the receipt therein alleged. After return of plaintiff and argument, the Judge made the following order:

"Upon hearing return to the order to show cause herein, dated May 27, 1897, after arguments of counsel for plaintiffs and defendant, it is ordered and adjudged, that the complaint as amended sufficiently complies with the order of April 23d, 1897, requiring plaintiffs to make their complaint more definite. That the motion requiring plaintiffs to elect whether they propose to rely upon the verbal agreement alleged in the third paragraph of the complaint or the receipt therein alleged, be and it is refused. That the rule herein be discharged, and the order of May 27th, 1897, rescinded. That the defendant have leave to answer or demur to the amended complaint herein at any time before June 29th, 1897, to which date the time for so answering or demurring is extended."

From this order the defendant appeals. The third paragraph of the amended complaint is set out in the opinion.

*Messrs. Mordecai &* Gadsden and *Duncan & Sanders,* for appellant, cite: *On main question:* 90 U. S., 85; 96 U. S., 544; 26 S. C., 288. *Order is appealable:* 42 S. C., 97; 34 S. C., 345; 36 S. C., 559; 48 Hun., 79; 15 C. P. R., 193.

*Messrs. Bomar & Simpson,* contra, cite: *On main question:* Holland *v.* Kemp, 27 S. C.; Latimer *v.* Sullivan, 30 S. C.; 49 S. C., 95; 51 S. C., 143.

Sept. 22, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order adjudging (1) that the complaint as amended substantially complied with a previous order requiring the complaint to be made more definite and certain, and (2) refusing defendant's motion to require plaintiffs to elect whether they would rely upon the verbal agreement of insurance alleged in the third paragraph of the complaint or upon the receipt for premium, also referred to in said paragraph. The third paragraph of the complaint is as follows: "III. That on or about the 9th day of March, 1896, or shortly thereafter, at Spartanburg, in said county and State, the defendant corporation, by its authorized agent, A. W. Markell, in consideration of the payment to it of $20 by John C. Sahlman, and of his agreeing to pay other instalments of the annual premium charged as same should fall due, agreed to insure, and did thereupon insure, the life of the said John C. Sahlman, for the period of twelve months from said date, in the sum of $2,500, for the benefit of the wife and children of the said John C. Sahlman, share and share alike, namely: the plaintiffs, Mary E. Sahlman, John H. Sahlman, and Harry Eugene Sahlman; said agreement being verbal, and being as stated in this paragraph, and being evidenced in part by a receipt for $20 to the same effect then given by said agent, and which receipt, as plaintiffs are informed and believe, has since been lost, the terms of which said receipt

cannot be more fully and accurately given than as stated herein."

1. We agree with the Circuit Court, that the amended complaint substantially complied with his previous order requiring the original complaint to be made more definite and certain.

2. The refusal to require plaintiffs to elect was not erroneous. When two or more causes of action, which should be separately stated, are blended together, the defendant has the right either to have the complaint made more definite and certain by having said causes of action separately stated, or to move the Court to require plaintiff to elect on which cause of action he will proceed to trial. *Ross* v. *Jones*, 47 S. C., 214. The appellant has sought the first mentioned remedy, and the Circuit Court has correctly adjudged that plaintiff has amended the complaint as required. The third paragraph of the amended complaint does not blend two causes of action. It states but a single cause of action.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY concurs in result.